IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED GROUP SERVICES, INC., an Ohio Corporation,<br><br>        Plaintiff,<br><br>vs.<br><br>DUONIX BEATRICE, LP, a limited partnership,<br><br>        Defendant. | Case No. _____<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff United Group Services, Inc., by and through counsel, for its Complaint against Defendant Duonix Beatrice, LP, alleges and states as follows:

## PARTIES AND JURISDICTION

1. Plaintiff United Group Services, Inc. ("UGS") is an Ohio corporation engaged in the construction industry, with its principal place of business located at 9740 Near Drive, Cincinnati, Ohio.

2. Upon information and belief, Defendant Duonix Beatrice, LP ("Duonix") is a Delaware Domestic Limited Partnership with its principal place of business located at 4111 E. 37th Street North, Wichita, Kansas.

3. Duonix is registered to do business as a foreign limited partnership in Nebraska. Its statutory agent is listed as CT Corporation System, 5601 South 59th Street, Lincoln, NE 68516.

4. Upon information and belief, Duonix is a joint venture between partners Flint Hills Resources, LP, and Benefuel, Inc.

5. Upon information and belief, Flint Hills Resources, LP, a limited partnership, is a wholly owned subsidiary of Koch Industries, Inc. Upon information and belief, Koch Industries, Inc. is a Kansas corporation with its principal place of business located in Wichita, Kansas.

6. Upon information and belief, Benefuel, Inc. is a Delaware corporation with its principal place of business located in Irving, Texas.

7. This Court has jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship between UGS and Duonix, including the individual partners of Duonix, and the amount in controversy exceeds $75,000, exclusive of costs and interest.

8. This Court has personal jurisdiction over Duonix because Duonix has substantial contacts within Nebraska.

9. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to UGS' claims occurred within this District.

**FACTS APPLICABLE TO ALL CLAIMS**

10. On or about January 26, 2015, UGS entered into a contract with Duonix (the "Contract") to provide certain labor, materials and services for the construction of a biodiesel fuel plant located in the City of Beatrice, Nebraska (the "Project") in exchange for compensation. Pursuant to the terms of the Contract, Duonix agreed to provide timely and accurate design information, access to the site, certain materials and equipment, and other necessary work to support the schedule and work plan of UGS.

11. During the course of UGS' performance of the Contract, UGS was delayed and impacted by Duonix, through the acts and/or omissions of its authorized agents and representatives, including, but not limited to, incomplete and deficient design documents, ongoing, systemic changes to the Project's design applicable to UGS' work, poor project

-2-

management, failure to provide timely and/or adequate access to certain areas of the Project, and failing to meet various other obligations under the Contract.

12. As a direct and proximate result of the failure of Duonix and its authorized agents and representatives to perform their obligations under the Contract, UGS' work was severely delayed and impacted, causing UGS to incur significant, additional and unanticipated costs in the performance of its original scope of work; delaying, disrupting, and extending the duration of its performance of the original Contract scope of work; and also requiring UGS to perform additional, unanticipated changed and extra work on the Project beyond the scope of its original Contract work.

13. As UGS was essentially financing significant portions of the Project through its performance of its original scope of work and additional work, meetings and discussions between Duonix, its authorized representatives, and UGS were held to resolve a portion of the amounts UGS was entitled to recover for the additional work it was being required to perform on the Project.

14. Pursuant to the above-referenced meetings with Duonix and its authorized representatives, UGS was authorized by Duonix to invoice, and Duonix agree to pay UGS, certain additional work arising from issues that were not UGS' responsibility, including, but not limited to, rework associated with design deficiencies and unanticipated changes to UGS' scope of work, with the understanding that costs arising from other impacts to UGS' work would be addressed by Duonix at a later time.

15. Notwithstanding the fact that the delays to UGS' completion of its Contract work, and the increased costs incurred by UGS as a direct and proximate result of Duonix's continual changes to the work and the changed and extra work directed by Duonix, were the responsibility

and fault of Duonix and its authorized agents and representatives, Duonix failed and refused to honor its agreement to compensate UGS for additional work as promised, wrongfully terminated UGS' involvement on the Project, and wrongfully withheld monies due and owing to UGS for its completed work.

16.     As a direct result of the significant delays and impacts caused by Duonix and its authorized representatives on the Project, UGS has suffered damages in the form of unanticipated costs arising from such delays, including, but not limited to, additional costs due to acceleration, disruption, interference, loss of productivity and other impacts to its work on the Project.

## COUNT 1 – BREACH OF CONTRACT

17.     UGS incorporates the allegations contained in paragraphs 1 through 16 of its Complaint as if fully rewritten herein.

18.     UGS properly performed its scope of work on the Project and has met all conditions precedent for payment of completed work under the Contract.

19.     UGS performed additional work on the Project at the express direction of and under agreement with Duonix, with the understanding that UGS would be compensated for such changed and/or additional work, and that further additional costs would be addressed by Duonix at a later time.

20.     Duonix, through the acts and/or omissions of its authorized representatives and agents, has materially breached and defaulted on its obligations to UGS under the Contract by, among other things:

      a.     wrongfully causing repeated delays in the progress of UGS' scope of work on the Project;

      b.      wrongfully interfering with, disrupting, and hindering the performance and progress of UGS' scope of work on the Project;

      c.      wrongfully failing to provide timely and accurate design information as required under the Contract;

      d.      wrongfully refusing to pay UGS for amounts due under the Contract;

      e.      wrongfully refusing to pay UGS for changed and/or additional work performed by UGS at Duonix's direction; and

      e.      wrongfully terminating UGS' involvement on the Project.

21. As a direct and proximate result of the above material breaches of the Contract by Duonix, UGS has been damaged in an amount of at least $9,000,000.00, and such further amounts as shall be proven at trial.

## COUNT 2 – QUANTUM MERUIT

22. UGS incorporates the allegations contained in paragraphs 1 through 21 of its Complaint as if fully rewritten herein.

23. UGS provided certain additional labor, materials and services for the Project at the express direction of Duonix and/or its authorized agents and representatives, and UGS expected to be paid the agreed amount and/or the fair market value for such work.

24. Duonix knew or should have known that UGS expected payment equal to the value of the labor, materials and services that it provided for the Project.

25. Duonix received the benefit of the labor, materials and services provided by UGS, but Duonix has failed and refused to pay for same.

26. Pursuant to the equitable doctrine of quantum meruit, UGS is entitled to recover the reasonable value of the additional labor, materials and services it provided to Duonix on the Project.

## COUNT 3 – UNJUST ENRICHMENT

27. UGS incorporates the allegations contained in paragraphs 1 through 26 of its Complaint as if fully rewritten herein.

28. Duonix received the benefit of certain additional labor, materials and services provided by UGS on the Project.

29. The labor, materials and services were provided at UGS' expense and under circumstances that would make it unjust for Duonix to retain the benefit of such work without paying the reasonable value of same.

30. The labor, materials and services were not provided gratuitously by UGS, and Duonix has been unjustly enriched through its failure to pay the full amount due for such work provided by UGS on the Project.

31. Pursuant to the equitable doctrine of unjust enrichment, UGS is entitled to recover the reasonable value of the additional labor, materials and services it provided to Duonix on the Project.

## COUNT 4 – PROMISSORY ESTOPPEL

32. UGS incorporates the allegations contained in paragraphs 1 through 31 of its Complaint as if fully rewritten herein.

33. As the result of the additional work UGS was required to perform on the Project arising from issues that were caused by and the responsibility of Duonix and its authorized

agents and representatives, UGS incurred substantial unanticipated and additional costs in the performance of its work.

34. Duonix, through its authorized agents and representatives, made certain representations and promises to UGS concerning payments for additional work that UGS performed on the Project which were intended to induce UGS to continue performing such additional and extra work.

35. Based upon such representations and promises made by Duonix, UGS continued to perform additional work on the Project with the expectation that it would receive payment from Duonix as promised.

36. Duonix was or should have been aware that UGS would rely on its representations and promises concerning payments for additional work that UGS was performing on the Project, and UGS in fact relied on such representations and promises and has been damaged by Duonix's refusal to issue the payments as promised.

37. As a direct and proximate result of Duonix's failure and refusal to issue payments pursuant to its promises, UGS is entitled to damages in an amount yet to be fully determined, but believed to be in excess of $4,000,000.00.

**WHEREFORE,** Plaintiff United Group Services, Inc. demands judgment against Defendant Duonix Beatrice, LP as follows:

    A.    An award of compensatory damages in excess of $9,000,000.00;

    B.    Prejudgment interest;

    C.    Costs and attorneys' fees; and,

    D.    Such other and further relief as the Court deems just and proper.

-8-

**DEMAND FOR JURY TRIAL**

The Plaintiff respectfully requests trial by jury to be held in Lincoln, Nebraska in this matter.

Dated this 24th day of November, 2015.

        UNITED GROUP SERVICES, INC.,
        Plaintiff.

By:  s/ Joel D. Heusinger
    Joel D. Heusinger, No. 18326
    Kerry L. Kester, No. 15975
    Audrey R. Svane, No. 25830
    Attorneys for Plaintiff
    WOODS & AITKEN LLP
    301 South 13th Street, Suite 500
    Lincoln, NE 68508-2578
    Telephone: (402) 437-8517
    Fax: (402) 437-8558
    Email: jheusinger@woodsaitken.com
    Email: kkester@woodsaitken.com
    Email: asvane@woodsaitken.com

Its Attorneys